IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | No. 2:16-cv-01714 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| TOM WOLF; SUPERINTENDENT GILMORE; MEDICAL DIRECTOR JOSEPH J. SILVA; DR. PILLIA; DR. VALLEY; DR. WITTY; DR. BURT; DR. GINDIN; UNIT MANAGER SHELLY MANKEY; GRIEVANCE COORDINATOR MICHAEL BELL; LT. MORRIS; DEPUTY SUPT. MARK DIALESANDRO; C.O. BARBIERI; MAJOR DANIEL CARO; DEPUTY OF SECURITY MICHAEL ZAKEN; C.O. DREW; SGT. FINLEY; C.O. LEWIS;, C.O. ADAMSON; C.O.GOULD; C.O. PRITTS; LT. SCHAMP; SGT. KARFELT, AND JOHN DOE Etc. 1, 2, 3, | ) | ECF Nos. 61, 63, 92, 101, 121 |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff initiated this pro se civil rights action on August 17, 2016 by filing a Motion for Leave to Proceed *In Forma Pauperis* in the United States District Court for the Eastern District of Pennsylvania. Said motion was eventually granted on October 12, 2016 and an Amended Complaint (ECF No. 6) was docketed on that date. Subsequently, the case was transferred to this District and referred to United States

1

Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D. Thereafter, this Court sua sponte dismissed Plaintiff's Amended Complaint and granted him leave to file a Second Amended Complaint (ECF No. 19) which was filed on December 28, 2016.

The Report and Recommendation (ECF No. 121), filed on October 26, 2017, recommended that the Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 61) filed by Defendants Adamson, Barbieri, Michael Bell, Burt, Caro, DiAlesandro, Drew, Finley, Superintendent Gilmore, Gould, Karfelt, Lewis, Shelly Mankey, Morris, Pritts, Schamp, Medical Director Silva, Tom Wolf, and Zaken ("DOC Defendants") be granted in part and denied in part. This was in error. In the discussion of each claim upon which the DOC Defendants moved for dismissal (see Part II.C.), the Court recommended that each of those claims be dismissed. This is also stated in the Conclusion section. Thus, the Court finds that no basis exists for denying any part of the DOC Defendants' motion to dismiss (ECF No. 61).

The Report and Recommendation recommended that the claims against the DOC Defendants in their official capacities be dismissed and the motion to dismiss be granted as to the official capacity claims against them. The Report and Recommendation further recommended that Plaintiff's Eighth Amendment claims based on threats, name calling, and verbal harassment, and denial of access to showers, be dismissed. With regard to the DOC Defendants sued in their supervisory capacities—Zaken, Gilmore, Caro, DiAlesandro, Mankey, and Silva—the Report and Recommendation recommended that the motion to dismiss be granted as to these

2

Defendants, as well as to Defendants Bell and Guth,[1] and that Defendants Zaken, Gilmore, Caro, DiAlesandro, Mankey, Bell, Guth, and Silva be dismissed from this litigation. The Report and Recommendation further recommended that all claims against Defendant Tom Wolf be dismissed.

---

[1] The DOC Defendants moved for dismissal of the supervisory claims against Defendants Zaken, Gilmore, Caro, DiAlesandro, Mankey, and Silva, yet the Report and Recommendation also recommended dismissal of the supervisory claims against Defendants Bell and Guth. *See* Report & Recommendation at 8-10 (ECF No. 121 at 8-10). However, there is no explanation in the Report and Recommendation as to why Defendants Bell and Guth were included in the recommendation that the motion to dismiss the supervisory claims be granted. Although Bell is represented by the same counsel as the other DOC Defendants, and is alleged to have supervisory authority over non-medical/non-mental health program enforcement regarding isolation (*see* Second Am. Compl. at ¶ 73), he was not included in the DOC Defendants' request for dismissal of the supervisory claim. However, the allegation in support of the failure to supervise claim against Defendant Bell is very similar to those asserted against Defendants Caro, DiAlesandro, Mankey, and Silva, in their supervisory capacities, which the Magistrate Judge found to be insufficient to state a plausible claim for failure to supervise. Even though DOC Counsel failed to request dismissal of the supervisory claim against Defendant Bell, dismissal of the supervisory claim against him is still warranted under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, for the same reasons stated by the Court as to the other supervisory Defendants. Accordingly, the Court finds that dismissal of the supervisory claim against Bell is appropriate here.

With regard to the recommendation that the supervisory claim against Guth also be dismissed, the Court notes that Guth is not named as a defendant in the caption of the Second Amended Complaint, nor is Guth listed as a party defendant on the docket. As a result, Guth was never served, and therefore, the DOC Defendants' motion to dismiss the official capacity and supervisory claims did not include CHCA Guth. However, Plaintiff names CHCA Guth as a Defendant in paragraph 74 of the Second Amended Complaint, and alleges a supervisory claim against Guth in paragraph 72. Even if Guth is a party defendant, the allegations set forth in paragraph 72 do not state a claim upon which relief may be granted. Therefore, dismissal of the supervisory claim against CHCA Guth is appropriate under 28 U.S.C. §1915e(2)(B)(ii), for the same reasons stated by the Report and Recommendation with regard to the other supervisory Defendants.

The Report and Recommendation further recommended that the Motions to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Dr. Robert Valley (ECF No. 63) and Defendant Dr. Witty[2] (ECF No. 101) be granted, and the Second Amended Complaint against these Defendants be dismissed with prejudice. The Report and Recommendation further recommended that the motion for summary judgment[3] filed by Defendants Pillai and Gindin (ECF No. 92) be granted, and judgment entered in their favor.

Service was made on Plaintiff via first class mail to his address of record; service was made on counsel of record for the Defendants via CM/ECF electronic mail. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, that they had fourteen (14) days to file any objections, and that unregistered ECF users were given an additional three (3) days pursuant to Federal Rule of Civil Procedure 6(d). Plaintiff filed objections (ECF No. 123) to the Report and Recommendation on November 14, 2017.

In the interim, all parties have filed consent to proceed before a Magistrate Judge, so the undersigned is now the presiding judge in the case. Therefore, the following Order is entered:

**AND NOW**, this 21st day of November, 2017,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 61) filed by Defendants Adamson, Barbieri, Michael Bell, Burt, Caro,

---

[2] Dr. Witty's correct name is Wittawat Kasayapanand and the docket has since been amended to reflect this.

[3] The motion to dismiss filed by Defendants Pillai and Gindin was treated as a motion for summary judgment. *See* Report and Recommendation at 13 (ECF No. 121 at 13).

4

DiAlesandro, Drew, Finley, Superintendent Gilmore, Gould, Karfelt, Lewis, Shelly Mankey, Morris, Pritts, Schamp, Medical Director Silva, Tom Wolf, and Zaken ("DOC Defendants") is **GRANTED** as follows:

1. The official capacity claims against Defendants Adamson, Barbieri, Bell, Burt, Caro, DiAlesandro, Drew, Finley, Superintendent Gilmore, Gould, Karfelt, Lewis, Shelly Mankey, Morris, Pritts, Schamp, Medical Director Silva, Tom Wolf, Zaken, and Guth are **dismissed with prejudice**.

2. Plaintiff's Eighth Amendment claims that are based upon threats, name calling, and verbal harassment, and denial of access to showers, are **dismissed with prejudice**.

3. The claims against Defendants Zaken, Gilmore, Caro, DiAlesandro, Mankey, Silva, Bell, and Guth, in their supervisory capacities, are **dismissed with prejudice**. Defendants Zaken, Gilmore, Caro, DiAlesandro, Mankey, Silva, Bell, and Guth are dismissed from this litigation.

4. All claims against Defendant Tom Wolf are **dismissed with prejudice.**

5. All claims against Defendant Burt in his individual capacity are **dismissed with prejudice.**[4]

---

[4] The Court notes that although the DOC Defendants included Defendant Burt in their motion to dismiss the official capacity claims against them, they did not move to dismiss the entire complaint against Burt, despite the fact that the Second Amended Complaint is devoid of any allegations of personal involvement by Defendant Burt in any of the alleged misconduct. Rather, the Second Amended Complaint merely sets forth that he is a unit psychologist vendor or doctor of the DOC. *See* Second Am. Compl., ¶ 17. Therefore, the Court finds that the Second Amended Complaint fails to state a claim upon which relief may be granted as to Defendant Burt in his individual capacity.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Dr. Robert Valley (ECF No. 63) is **GRANTED**, and the Second Amended Complaint against him is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant Wittawat Kasayapanand (Dr. Witty) (ECF No. 101) is **GRANTED** and the Second Amended Complaint against Wittawat Kasayapanand (Dr. Witty) is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendants Pillai and Gindin (ECF No. 92), which has been treated as a motion for summary judgment, is **GRANTED**, and judgment is entered in favor of Defendants Pillai and Gindin.

In light of the above rulings, and for purposes of clarification, the Court observes that the following individual capacity claims remain in this lawsuit: (1) an Eighth Amendment excessive force/deliberate indifference claim against Defendants Karfelt, Schamp, Barbieri, Pritts, Adamson, Finley, and Lewis; (2) an Eighth Amendment deliberate indifference claim against Lt. Stickles[5] for indifference to mental health needs; (3) an Eighth Amendment deliberate indifference claims regarding missed meals and denial of access to the yard (scheduled exercise periods) on several

---

Accordingly, dismissal of the claims against Defendant Burt in his individual capacity is warranted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

[5] Lt. Stickles is not named as a defendant in either the caption or the body of the Second Amended Complaint. As a result, he was not served. However, Plaintiff sets forth allegations of misconduct involving Stickles in paragraphs 43-45, and 58. The DOC Defendants should address this matter going forward.

occasions against Defendants Gould, Finley, Adamson, and Lt. Stickles;[6] (4) a retaliation claim against Defendant Gould; (5) a First Amendment claim for tampering with and/or holding his legal mail, opening his legal mail without him being present; and denying him access to the law library; (6) a claim of racial abuse of authority/discrimination against Defendants Finley and Drew; (7) a claim for violating Plaintiff's right to privacy and private parts against Defendants Karfelt, Schamp, and Pritts; and (8) a claim under the Fifth and Fourteenth Amendments for deprivation of life, liberty or property without due process of law.  In addition, remaining in this lawsuit are several John Doe Defendants—COs from SCI-Pittsburgh—but the nature of the claims against them is unclear from the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 121) of this Court, dated October 26, 2017, as modified herein, is adopted as the opinion of the Court.

BY THE COURT:

Lisa Pupo Lenihan
Magistrate Judge

cc: Jerome Junior Washington
 Inmate #HVO282
 SCI- Greene
 175 Progress Dr.
 Waynesburg, PA 15370

 Counsel for Defendants
 *Via CM/ECF Electronic Mail*

---

[6] The Court notes that the DOC Defendants summarily addressed this claim in footnote 1 of their supporting brief.  *See* ECF No. 62 at 9.  However, this was not addressed in the Report and Recommendation.