IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| JEROME JUNIOR WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-1714-LPL |
| | ) | |
| vs. | ) | ECF NO. 217 |
| | ) | |
| FINLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ODER ON PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW; MOTION FOR A NEW TRIAL AND MOTION TO ALTER OR AMEND THE JUDGMENT**

**I. Summation**

For the reasons set forth below, Plaintiff's Motion for Judgment as a Matter of Law, Motion for a New Trial, Motion to Alter Judgment Pursuant to Fed. R.Civ. P. 59, ECF No. 217, will be denied.

**II. Factual and Procedural History**

This inmate civil rights action was filed in August 2016 with Plaintiff proceeding pro se. Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) were ruled upon and a number of claims and Defendants dismissed. Discovery took place, no summary judgment motion was filed and the case was then trial ready. At this point, the Court granted Plaintiff's Request for Counsel ECF No. 162. On April 13, 2018 pro bono counsel agreed to represent Plaintiff. ECF No. 167. The Court reopened discovery so that counsel could prepare and the case was tried by a jury from March 25, 2019 to March 28, 2019, resulting in a verdict in favor of Defendants on all claims. ECF No. 216. On April 4, 2019 Plaintiff filed a "Renewed Motion for Judgment as a Matter of Law or New Trial; Altering or Amending a Judgment." ECF No. 217. Defendants

responded on April 18, 1019. ECF No. 222. Plaintiff filed an additional brief and exhibits in support of his motion on April 25, 2019 ECF Nos. 224, 225.

### III. Applicable Standard

Plaintiff first makes a renewed motion for judgment as a matter of law. The Court notes that said motion was not made by his counsel at trial It was made, as is usual, by Defendants and was denied. Such a motion can be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on [an] issue…." Fed. R.Civ. P. 50. Had the motion been made, and upon consideration of it now, it is denied. There was sufficient evidence for the jury to conclude that Plaintiff was not subjected to excessive force by the Defendants.

Plaintiff has further moved for a new trial pursuant to Federal Rule of Civil Procedure 59. Rule 59 states in relevant part as follows:

> Rule 59. New Trial; Altering or Amending a Judgment
>
> (a) In General.
>
> (1) ***Grounds for New Trial.***
> The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:
> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]

Fed.R.Civ.P. 59(a).

The ordering of a new trial pursuant to Rule 59 is within the sound discretion of the district court. *Wagner v. Fair Acres Geriatric Ctr.,* 49 F.3d 1002, 1017 (3d Cir.1995). Reasons for granting a new trial include both grounds presently raised by Plaintiff, *i.e.*, verdicts which are against the weight of the evidence or prejudicial errors of law. *Klein v. Hollings,* 992 F.2d 1285, 1289-90 (3d Cir.1993). Taking the latter first, when the basis for the motion is an alleged error concerning the court's evidentiary rulings or jury instructions – that is, when it concerns a matter

within the discretion of the trial court - a District Court must first determine whether an error was made during the course of the trial, and then determine "whether that error was so prejudicial that refusal to grant a new trial would be 'inconsistent with substantial justice.'" *Bhaya v. Westinghouse Elec. Corp.,* 709 F.Supp. 600, 601 (E.D.Pa.1989) (quoting Fed.R.Civ.P. 61), *aff'd,* 922 F.2d 184 (3d Cir.1990). Whether any error committed by the court was harmless is governed by Federal Rule of Civil Procedure 61.[1] Thus, "[u]nless a substantial right of the party is affected," a non-constitutional error in a civil case is harmless. *Linkstrom v. Golden T. Farms,* 883 F.2d 269, 269 (3d Cir.1989). "Absent a showing of substantial injustice or prejudicial error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." *Montgomery County v. MicroVote Corp.,* 152 F.Supp.2d 784, 795 (E.D.Pa.2001).[2]

The United States Court of Appeals for the Third Circuit has further indicated that the District Court's discretion to grant a new trial is more limited when the alleged ground is that the verdict is against the weight of the evidence. *Greenleaf v. Garlock, Inc.,* 174 F.3d 352, 366 (3d Cir.1999). In this instance, new trials "'are proper only when the record shows that the jury's

---

[1] "Unless justice requires otherwise, no error in admitting or excluding evidence-or any other error by the court or a party-is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard errors and defects that do not affect any party's substantial rights." Fed.R.Civ.P. 61; *cf.* Fed.R.Evid. 103(a) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.").

[2] In *Bhaya*, the United States Court of Appeals for the Third Circuit explained that in reviewing a district court's decision to grant or deny a motion for a new trial, it must give substantial deference to the decision of the trial judge "'who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart.'" *Bhaya,* 922 F.2d at 187 (quoting *Cone v. West Virginia Pulp & Paper Co.,* 330 U.S. 212 (1947)). "Particular deference" is appropriate where the decision for granting or denying a new trial was based on evidentiary rulings that are necessarily entrusted to the trial court's discretion. *See id. See also Link v. Mercedes-Benz of N. Am., Inc.,* 788 F.2d 918, 921-22 (3d Cir.1986) ("Where a contention for a new trial is based on the admissibility of evidence, the trial court has great discretion.").

verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.'" *Greenleaf,* 174 F.3d at 366 (quoting *Williamson v. Consol. Rail Corp.,* 926 F.2d 1344, 1353 (3d Cir.1991)); *EEOC v. Delaware Dep't of Health and Soc. Servs.,* 865 F.2d 1408, 1413 (3d Cir.1989). "[T]his stringent standard is necessary to ensure that a district court does not substitute its judgment of the facts and credibility of the witnesses for that of the jury." *Sheridan v. E.I. DuPont de Nemours & Co.,* 100 F.3d 1061, 1076 (3d Cir.1996) (citations omitted). The movant bears the burden of proof on a Motion for a New Trial. *Whelan v. Teledyne Metal Working Prods.,* 2006 WL 39156, at *7 (W.D.Pa.2006). And the party seeking a new trial must meet a high threshold in order to obtain this "extraordinary relief." *Ponzini v. PrimeCare Med., Inc.*, 2017 WL 3754787, at *87 (M.D. Pa. 2017) (quoting *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 309 n.18).

Fed. R. Civ. P. 59(e) allows a motion to amend or alter judgment. Since specific grounds for a motion to amend or alter are not listed in Rule 59(e) of the Rules of Civil Procedure, the district court enjoys considerable discretion in granting or denying the motion. There are four basic grounds upon which a Rule 59(e) motion can be granted:[3]

1. The movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based.
2. The moving party may present newly discovered or previously unavailable evidence.
3. The motion will be granted if necessary to prevent manifest injustice.
4. The motion may be justified by an intervening change in controlling law.

IV. **Analysis**

---

[3] CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE 156 - 171 VOL 11 (WEST, 3 rd. ed. 2012)

Under the standard set forth above, Plaintiff has failed to set forth a basis for the grant of a new trial and has also failed to meet the standard to amend or alter the verdict of the jury. He complains that his counsel was ineffective, apparently confusing this with a similar argument that could be made in a criminal matter. In his motion, he appears to reargue his case and attack the testimony of some of the witnesses for the Defendants. This jury verdict does not meet the high "against the weight of the evidence" standard, as it neither resulted in a miscarriage of justice nor was conscience-shocking. Credibility of witnesses is a matter for the jury to determine, which it did. The jury in fact heard conflicting evidence as to many events, and duly made credibility assessments as to each witness, including Plaintiff. *See [Ponzini v. Primecare Medical, Inc.](), 2017 WL 3754787, at *65 (M.D. Pa. 2017)* ("Where evidence is in conflict and subject to two interpretations, the trial judge should be reluctant to grant a new trial."); *[Rhoades, Inc. v. United Air Lines, Inc.](), 340 F.2d 481, 485–86 (3d Cir.1965)* ("[T]he mere assertion of any witness does not of itself need to be believed, even though he is unimpeached in any manner; because to require such belief would be to give a quantitative and impersonal measure to testimony'…. [T]he trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not convince the trier of its merit."); *[id.]()* (holding that where jury might have rationally weighed factors in evidence in reaching its decision, rejection of some uncontradicted testimony fell within bounds of reason).

Plaintiff has a heading in his pleading titled "Errors as a matter of law." ECF No. 217 p. 10. However, a review of this section again states ineffective counsel and raises issues with the credibility of the witnesses. One identified error related to an alleged missing videotape. Plaintiff averred at trial and in pretrial motions that there should have been a videotape of one of the incidents in question. *See* ECF No. 200. The request was for an adverse inference instruction due to spoliation of evidence. The Court charged as follows:

Plaintiff has argued that there is a missing video from the video camera that overlooks the yard where the incident occurred on December 7, 2016. Defendants disagree and allege that all relevant videos were reviewed and produced. If you find that the Defendants intentionally failed to provide the missing video recording from the camera overlooking the yard, then you may make the inference that the missing video was unfavorable to the Defendants.

"In evaluating contentions of error with regard to jury instructions, the relevant inquiry is 'whether the charge, taken as a whole and viewed in the light of the evidence, fairly and adequately submits the issues in the case to the jury." [Ayoub v. Spencer, 550 F.2d 164, 167 (3d Cir.1977))](). The Court finds that the charge given met this requirement.

Plaintiff also attaches a lengthy Declaration setting forth all of the events that occurred that formed the basis for this case. As Plaintiff was given an opportunity to testify as to all of these events and the jury heard and assessed the credibility of his testimony, it is not for the Court to review this additional testimony at this point.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law or New Trial; Altering or Amending a Judgment at ECF No. 217 is **DENIED**.

DATED this 3rd day of May, 2019.

BY THE COURT:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Jerome Junior Washington
HV0282
SCI Greene
175 PROGRESS DRIVE
WAYNESBURG, PA 15370